# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHESTER A.K. DILLEY, INDIVIDUALLY AND AS TRUSTEE OF THE CHESTER DILLEY SR. REVOCABLE TRUST DATED OCTOBER 14, 1993, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE FINANCIAL CORPORATION; BANK OF AMERICA N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-23CB, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-23CB; DOES 1-50, <br><br> Defendants. | CV. NO.  11-00168 DAE-BMK |

## ORDER: (1) GRANTING MOTION TO DISMISS COMPLAINT AND (2) DISMISSING THE COMPLAINT AS TO ALL DEFENDANTS WITHOUT PREJUDICE

On September 12, 2011, the Court heard Defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and the Bank of New York Mellon's (collectively, "Defendants") Motion to Dismiss. James H. Fosbinder, Esq., appeared at the hearing on behalf of Plaintiff Chester A.K. Dilley ("Plaintiff"); Andrew J. Lautenbach, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court **GRANTS** the Motion to Dismiss (Doc. # 6).

## BACKGROUND

On April 23, 2010, Plaintiff filed a seventy-three page Complaint in this Court against Defendants alleging that Plaintiff had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.) Specifically, Plaintiff's Complaint alleges the following Counts:

- Count I: Violations of Federal and Hawaii Anti-trust Statutes. (Id. ¶¶ 83–106.)

- Count II: Violations of the Hawaii Anti-trust and Unfair Practices Act. (Id. ¶¶ 107–14.)

- Count III:    Common Law Fraud.  (Id. ¶¶ 115–32.)

- Count IV:    Unfair and Deceptive Acts or Practices.  (Id. ¶¶ 133–46.)

- Count V:    Breach of Fiduciary Duty.  (Id. ¶¶ 147–55.)

- Count VI:    Unjust Enrichment.  (Id. ¶¶ 156–61.)

- Count VII:    Slander of Title.  (Id. ¶¶ 162–71.)

- Count VIII:    Quiet Title.  (Id. ¶¶ 172–90.)

- Count IX:    Injunctive relief.  (Id. ¶¶ 191–96.)

Plaintiff resides in the State of Hawaii.  (Id. ¶ 5.)  Plaintiff executed a note dated April 13, 2006, secured by a mortgage that was recorded in the Bureau of Conveyances on April 24, 2006, as Document No. 2006-075636.  (Id. ¶ 42.) The real property at issue in this loan transaction is located at 30 Pahaa Place, Makawao, Hawaii 96768 (the "Subject Property").  (Id. ¶ 5; id. Ex. 2.)

On July 30, 2009, an Assignment of Mortgage was executed by Kevin A. Durham in his capacity as Assistant Vice-President of MERS "solely as nominee" for Defendant Countrywide Home Loans, Inc. ("Countrywide").  (Id. ¶ 43; id. Ex. 3.)  The assignment was executed in favor of Defendant Bank of New York Mellon.  (Id.)   Plaintiff contends that MERS did not have the legal authority to assign the mortgage or note because it was only acting "solely as nominee" for

3

Countrywide.  (Id. ¶ 45.)  As a result, according to Plaintiff, Defendants lack the ability to foreclose on the Subject Property.  (Id. ¶ 43.)  Plaintiff further alleges that Defendants did not account for his ability to repay the loan at the time of origination.  (Id. ¶ 127.)

On May 23, 2011, Defendants filed the instant Motion to Dismiss. ("Mot.," Doc. # 6.)  On July 22, 2011, Plaintiff filed his Opposition.  ("Opp'n," Doc. # 17.)  On August 1, 2011, Defendants filed their Reply.  ("Reply," Doc. # 19.)

## STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, Plaintiff must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

DISCUSSION

For the reasons set forth below, the Court concludes that the Motion to Dismiss should be granted.  As a preliminary matter, Plaintiff abandons six of his nine claims in his Opposition.  Specifically, Plaintiff <u>explicitly</u> did not oppose Defendants' Motion to Dismiss his first, second, fifth, sixth, eighth, and ninth causes of action.  (<u>See</u> Opp'n at 12 ("Plaintiff does not have a submission to defendants on [these] claims.").)  Accordingly the Court **GRANTS** Defendants' Motion with respect to Counts I, II, V, VI, VIII, and IX of the complaint.

I.    <u>Count III: Common Law Fraud</u>

Under Hawaii law, a claim of common law fraud requires "(1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies to his or her damage."  <u>Kajitani v.</u>

<u>Downey Sav. & Loan Ass'n, FA</u>, 647 F. Supp. 2d 1208, 1219 (D. Haw. 2008)

(citing <u>Haw. Cmty. Fed. Credit Union v. Keka</u>, 11 P.3d 1, 18 (Haw. 2000)).

Rule 9(b) requires a party asserting fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To comply with this Rule, a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004). In other words, the claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." <u>Kearns</u>, 567 F.3d at 1120.

Count III of the Complaint alleges that Defendant Countrywide "had an institutionalized scheme to defraud borrowers, including Plaintiff herein, by misrepresenting or concealing the true terms of the loans offered . . . ." (Compl. ¶ 117.) Plaintiff alleges that his was done "through a variety of deceptive practices." (<u>Id.</u> ¶ 118.) Plaintiff goes on to describe Defendant Countrywide's conduct in generalities, but nowhere specifies how exactly Countrywide perpetrated a fraud on Plaintiff. (<u>Id.</u> ¶¶ 120–22.) Plaintiff merely accuses Defendant Countrywide of failing to inform him that "his loan was poor quality." (<u>Id.</u> ¶ 123.)

The Court finds that Plaintiff's allegations are insufficient to satisfy the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake. <u>See</u> Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiff speaks only of Countrywide's misconduct in generalities and does not specify how Plaintiff in particular was defrauded. Moreover, Plaintiff does not provide specific time frames in which the fraudulent conduct was committed. Nor does Plaintiff state what, specifically, was fraudulently represented to him. <u>Kajitani</u>, 647 F. Supp. 2d at 1219 (noting that one requirement of common law fraud is "a representation of a material fact"). Plaintiff has therefore failed to satisfy the heightened pleading standards of Rule 9. <u>Kearns</u>, 567 F.3d at 1120 (Rule 9 requires the Complaint "be accompanied by the 'who, what, when, where, and how' of the misconduct charged.")[1]

Accordingly, the Court **GRANTS** Defendants' Motion with respect to Count III.

---

[1] Plaintiff, indeed, seems to admit that he has failed to state a claim for common law fraud in his opposition. (Opp'n at 8 ("Plaintiff recognizes that his claim[] of fraud . . . may not have clearly set forth the elements necessary to establish his entitlement to relief.").)

II.     Count IV: Unfair and Deceptive Acts or Practices

Plaintiff claims that Defendants engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶¶ 133–46.)

Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Haw. Rev. Stat. § 480-2(a).  "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[2]  Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

---

[2] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2.  Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010).  A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment."  Haw. Rev. Stat. § 480-1.

Plaintiff contends that Defendants violated these statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiff; (3) failing to disclose that lender approved the subject loan based on financial documents required by Defendants such as tax returns and pay stubs; (4) falsely representing or failing to fully and completely disclose the amounts Plaintiff had to pay; (5) issuing a defective mortgage loan; and (6) entering into the public record a materially false document.  (Compl. ¶ 138.)

Plaintiff has again failed to allege sufficiently this count of the Complaint.  Plaintiff has alleged no specific facts which suggest that any of the Defendants were targeting financially unsophisticated or otherwise vulnerable consumers.  Nor has Plaintiff proffered facts with respect to Defendants' failure to adequately disclose "the true costs and risks of the subject loan."[3]  There are no factual allegations which suggest that the lender failed to disclose that it approved loans based on certain documents.

---

[3] Indeed, it is unclear to this court what Plaintiff means by "true costs and risks" of the subject loan.

Plaintiff's allegation that Defendants falsely represented or failed to fully and completely disclose the amount Plaintiff was required to pay is also insufficient. This is a fraudulent allegation and Plaintiff has failed to satisfy the "who, what, where, when, and how" requirement of Rule 9(b) as discussed supra. Kearns, 567 F.3d at 1120.

As to the final two assertions, there is no factual support for the premise that Defendants created a defective mortgage loan or loans that resulted in little net economic benefit to Plaintiff,[4] or that a materially false document purporting to convey an interest was recorded.

In sum, there is simply no factual premise or basis alleged in the complaint that supports Plaintiff's UDAP claim. Plaintiff has entirely failed to allege facts that could give rise to this cause of action. See Iqbal, 129 S. Ct. at 1949 ("[A Complaint] demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

---

[4] Indeed, this seems a particularly preposterous assertion as Plaintiff received a house in exchange for signing the Note and Mortgage.

level.").  The Court therefore **GRANTS** Defendants' Motion to Dismiss with

Respect to Count IV.[5]

III.    Count VII: Slander of Title

Count VII of the complaint alleges Slander of Title.  Specifically,

Plaintiff alleges that the Assignment at issue was falsely recorded because the

Mortgage had "become separated from the promissory note" and therefore became

unenforceable.  (Compl. ¶ 165.)  Plaintiff alleges that the Mortgage "does not grant

legal authority to MERS to MERS [sic] to assign a valid and enforceable interest in

the Subject Mortgage; therefore the MERS assignment is fraudulent and/or void."

(Id. ¶ 166.)  Plaintiff claims this conduct "was motivated by fraud and malice, in

that Defendants . . .  knew or should have known that the assignment was false,

because MERS has no authority to assign the Mortgage."  (Id. ¶ 170.)

Slander of title is "a tortious injury to property resulting from

unprivileged, false, malicious publication of disparaging statements regarding the

title to property owned by plaintiff, to plaintiff's damage."  Southcott v. Pioneer

Title Co.,  21 Cal. Rptr. 917, 919 (Cal. App. 1962) (citations omitted).  "To

_____

[5] Once more, Plaintiff seemingly admits that his UDAP cause of action is
insufficient.  (See Opp'n at 8 ("Plaintiff recognizes that his claim[] of . . . Unlawful
or Deceptive Acts or Practices . . . may not have clearly set forth the elements
necessary to establish his entitlement to relief . . . .")

establish slander of title at common law, a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." B & B Inv. Group v. Gitler, 581 N.W.2d 17, 20 (Mich. App. 1998); see also Manhattan Loft, LLC v. Mercury Liquors, Inc., 93 Ca. Rptr. 3d 457, 464 (Cal. App. 2009) (establishing elements as "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.").

Plaintiff has once more run afoul of Twombly-Iqbal. The Court finds that Plaintiff has insufficiently alleged that any false publication was done with malice. First, the Court notes again that, to the extent his malice claim is based on fraudulent conduct, Plaintiff has failed to satisfy the heightened pleading standard of Rule 9. (See Compl. ¶ 170 ("The aforementioned recorded was motivated by fraud and malice." (emphasis added)).) A claim based on fraudulent conduct must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns, 567 F.3d at 1120. Plaintiff has made no such showing. In any event, Plaintiff has failed to sufficiently allege that the recording itself was false. It cannot therefore be that Plaintiff has sufficiently alleged that Defendants knew the

assignment was false as suggested by the Complaint.  (See Compl. ¶ 170.)

Accordingly Count VII cannot withstand Defendants' Motion to Dismiss.[6]

IV.    Cervantes v. Countrywide Home Loans, Inc.

In addition to failing to allege sufficiently the causes of actions as outlined supra, the Court has grave doubts about the validity of the factual predicate underlying most, if not all, of Plaintiff's claims in light of Cervantes v. Countrywide Home Loans, Inc., ---F.3d---, 2011 WL 3911031 (9th Cir. Sept. 7, 2011). There, plaintiffs argued that they could amend their complaint to illustrate that certain "aspects of the MERS system are fraudulent."  Id. at *1.  The Ninth Circuit disagreed.

The Ninth Circuit first outlined how the MERS system functions.  (Id. at *1–2.)  The court next described plaintiffs' theory of the case as follows:

> One of the main premises of the plaintiffs' lawsuit here is that the MERS system impermissibly "splits" the note and deed by facilitating the transfer of the beneficial interest in the loan among lenders while maintaining MERS as the nominal holder of the deed.
>      The plaintiffs' lawsuit is also premised on the fact that MERS does not have a financial interest in the loans, which, according to plaintiffs, renders MERS's status as a beneficiary a sham.  MERS is not involved in originating the loan, does not have any right to

---

[6] Plaintiff again seemingly admits that his Slander of Title cause of action is insufficient.  (See Opp'n at 8 ("Plaintiff recognizes that his claim[] of . . . slander of title . . . may not have clearly set forth the elements necessary to establish his entitlement to relief . . . .")

> payments on the loan, and does not service the loan. MERS relies on
> its members to have someone on their own staff become a MERS
> officer with the authority to sign documents on behalf of
> MERS . . . As a result, most of the actions taken in MERS's own
> name are carried out by staff at the companies that sell and buy the
> beneficial interest in the loans.

Id. at *2. Ultimately the Ninth Circuit rejected plaintiffs' arguments. The court

first found that plaintiffs had "not identified any representations made to them

about the MERS system and its role in their home loans that were false and

material." Id. at *4. Nor did the plaintiffs allege with specificity that they "were

misinformed about MERS's role as a beneficiary, or the possibility that their loans

would be resold and tracked through the MERS system." Id. The plaintiffs also

"failed to show that the designation of MERS as a beneficiary caused them any

injury by, for example, affecting the terms of their loans, their ability to repay the

loans, or their obligations as borrowers." Id.

Moreover, the Ninth Circuit also found that plaintiffs' claims were

> undercut by the terms in [the] standard deed of trust, which describe
> MERS's role in the homeloan. For example the plaintiffs allege they
> were defrauded because MERS is a "sham" beneficiary without a
> financial interest in the loan, yet the disclosures in the deed indicate
> that MERS is acting "solely as nominee for Lender and Lender's
> successors and assigns" and holds "only legal title to the interest
> granted by Borrower in this Security Instrument." Further, while the
> plaintiffs indicate that MERS was used to hide who owned the loan,
> the deed states that the loan or a partial interest in it "can be sold one
> or more times without prior notice to Borrower," but that "[i]f there is

a change in Loan Servicer, Borrower will be given written notice of the change" as required by consumer protection laws.  Finally, the deed indicates that MERS has "the right to foreclose and sell the property."  By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents. . . . In light of the explicit terms of the standard deed signed by [plaintiffs] it does not appear that the plaintiffs were misinformed about MERS's role in their home loans.

Id. at *5.

The similarities between Cervantes and the instant case are striking. Indeed, as Plaintiff's Opposition makes clear, the gravamen of Plaintiff's Complaint is that "MERS lacked authority to assign the Mortgage at any time and in any event did not have the authority to assign the mortgage after the mortgage had been sold."  (Opp'n at 3.)  As in Cervantes, however, the mortgage itself makes clear that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  (Doc. # 1-3, at 2 (emphasis added).)   The mortgage also provides that "the Note or a partial interest in the Note . . . can be sold one or more times without prior notice to Borrower," but that "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the change . . . ."  (Id. at 12.)  Plaintiff signed the mortgage.  (Id. at 14.)  Thus, Plaintiff's argument that MERS is a sham beneficiary without authority to transfer the mortgage on the basis of some sort of fraudulent conduct cannot stand in light

of <u>Cervantes</u>.[7]  2011 WL 3911031, at *5 ("In light of the explicit terms of the

standard deed signed by [plaintiffs], it does not appear that the plaintiffs were

misinformed about MERS's role in their home loans.").

V.    <u>Dismissal without Prejudice</u>

        Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend]

when justice so requires."  Further, "requests for leave should be granted with

extreme liberality."  <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 792 (9th Cir.

2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the

complaint could not be saved by an amendment."  <u>Id.</u>  "However, 'liberality in

granting leave to amend is subject to several limitations.'"  <u>Cafasso, U.S. ex rel. v.

Gen. Dynamics C4 Sys.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting <u>Ascon

Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Those

limitations include undue prejudice to the opposing party, bad faith by the movant,

futility, and undue delay."  <u>Id.</u> (citing <u>Ascon Props</u>, 866 F.2d at 1160).  "Further,

'[t]he district court's discretion to deny leave to amend is particularly broad where

_____

        [7] Plaintiff has also failed to allege sufficiently that he was "misinformed
about MERS's role as a beneficiary, or the possibility that their loans would be
resold and tracked through the MERS system" or that "the designation of MERS as
a beneficiary caused them any injury by, for example, affecting the terms of their
loans, their ability to repay the loans, or their obligations as borrowers."
<u>Cervantes</u>, 2011 WL 3911031, at *4.

plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props, 866 F.2d at 1160).

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend their Complaint.[8]  The Complaint is therefore **DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action with leave to amend no later than thirty (30) days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought consistent with this Order.  In granting leave to amend the Court does not here limit Plaintiff's amended pleading only to the causes of action presently contained in the Complaint—Plaintiff may allege new theories of liability if they so choose.

---

[8] Plaintiff is advised, however, to take a close look at Cervantes before refiling his Complaint.

<u>CONCLUSION</u>

For these reasons the Court **GRANTS** the Motion to Dismiss (Doc.

# 6).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 13, 2011.



_____
David Alan Ezra
United States District Judge

<u>Dilley v. Countrywide Home Loans, Inc., et. al.</u>, Cv. No. 11-00168 DAE-BMK
ORDER: (1) GRANTING MOTION TO DISMISS COMPLAINT AND (2)
DISMISSING THE COMPLAINT AS TO ALL DEFENDANTS WITHOUT
PREJUDICE